◼ MAX FROST, Appellant v. ABRAHAM STONE, Respondent.— In an action for an accounting and for other relief, the appeal is from an order and judgment (one paper), which, *inter alia,* directs that respondent recover $15,000 from appellant. After the commencement of the action various negotiations took place, in which the parties, their counsel and the court participated, for the purpose of adjusting and determining the controversies between the parties. The decision of the court and the order and judgment under review recite, as findings of fact, what transpired in the negotiations, including the making of an oral stipulation by the parties and their attorneys in open court. The terms of the stipulation, as thus stated, fixed the formula for disposing of the several facets involved in the disposition of assets and in the making of adjustments, and in connection therewith provided that the court was to make certain determinations and that the court's said determinations were to be final, binding and conclusive on the parties and that an order, judgment and decree be entered, if necessary, upon the basis of the stipulation. What transpired after the making of and in pursuance of the stipulation is likewise set forth. The decretal paragraphs of the order and judgment are based on the proceedings in the action, including these findings and the stipulation. Order and judgment (one paper), reversed, without costs, and without prejudice to a formal application to Special Term, on notice, for entry of judgment. The oral stipulation, as recited in the order and judgment, did not authorize the entry of judgment without notice and without opportunity to appellant to contest the correctness of the terms of the stipulation as recited in the order and judgment and to contest the assertion that he failed to perform obligations on his part to be performed under the stipulation. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: In my opinion, to reverse this order and judgment merely to permit the respondent to make a formal motion, on notice, for the entry of judgment, is futile. The majority agrees that the oral stipulation, which was made in open court and pursuant to which the learned Justice at Special Term acted, is binding upon the parties. As recited in the order and judgment, this stipulation prescribes the detailed manner in which the controversy is to be resolved with the aid of the Justice; it provides for the equal division of the raw materials of the partnership between the partners (appellant and respondent); it provides that the machinery of the partnership is to be valued by the Justice and allocated by him between the partners; it provides that appellant shall pay $8,000 to respondent to adjust their respective equities arising from the partnership dissolution; it provides for the compromise of various other matters; and it further provides " that the determination of price, the allocation of machinery and all other determinations made herein by the Court should be final, binding and conclusive on all parties, and that if necessary an order, judgment and decree to the foregoing effect should be entered herein based upon the aforesaid stipulation ". Implicit in the stipulation is the purpose to effectuate a division of the partnership assets which would be as equal as possible and which, to the extent that equality was not feasible, would require an adjustment by the payment of money. Under the circumstances, the stipulation was tantamount to an inter-

locutory judgment, entered on consent, pursuant to which the Justice was authorized to state the account between the parties, based on his findings as to the valuation of the machinery and based on his allocation of the machinery to the respective parties. In lieu of formal proof and trial, the parties voluntarily adopted their own procedure for the determination of their claims and counterclaims against each other. Thereafter, following extensive negotiations, the stipulation was effectuated by all concerned. Both parties accepted the division of the raw materials and various other benefits under it, and they changed their respective positions in reliance upon it. The Justice, after inspecting the machinery and hearing the parties, made his valuations and allocations and stated the account between the parties. Under the stipulation all these were conclusive upon the parties. The Justice found, based on his valuations and allocations, that the machinery allocated to the appellant had a value $7,000 greater than the value of the machinery allocated to respondent. The appellant, therefore, was required to pay this sum in order to adjust the disparity in valuations, and appellant was also required to pay the $8,000 previously mentioned, making a total of $15,000. Thereafter, the appellant arbitrarily refused to comply with this determination. He refused to execute the necessary documents of title to the allocated assets; he disputed the valuations and he refused to recognize his obligation to make the payment of the $15,000. Accordingly, the Justice, based on the stipulation and his conclusive findings pursuant thereto, entered the final order and judgment which decrees that a complete accounting has been had between the parties and that respondent is entitled to recover $15,000 from the appellant. The terms of the stipulation as set forth in the Justice's decision and in the order and judgment, being based on the Justice's personal knowledge, must be accepted as true in the event of any dispute. The fact of appellant's default under it, as recited in said order and judgment, likewise must be accepted as true. It is not denied that as a result of the fulfillment of the terms of the stipulation appellant has received and still retains all the substantial benefits which accrued to him under it. Yet, while retaining all its benefits, he has arbitrarily refused to consummate it and would set at naught its provision which makes final, binding and conclusive on all parties the Justice's determination " of price, the allocation of machinery and all other determinations made herein ". Under the circumstances, no useful purpose will be served by reversing the order and judgment and having the respondent now move for such judgment on notice. The formal application would be nothing more than a futile gesture. It is also error to reverse, as the majority apparently has done, on the ground that appellant was entitled to notice of the entry of the order and judgment and that he failed to receive such notice. The fact is that he was not entitled to notice. The relevant provision of the stipulation quoted above, does not, either expressly or impliedly, require notice of the entry of judgment by reason of appellant's refusal to consummate the stipulation or to comply with the account stated by the Justice pursuant thereto. To require such notice would be just as meaningless as to require notice in order to punish a party for a contempt of court founded on an offense " committed in the immediate view and presence of the court ". For such a contempt the punishment is summary and without notice (Judiciary Law, § 755). Appellant's conduct here — in making the stipulation, acquiescing in the valuations and allocations and receiving all its benefits, and then in effect repudiating it — is quite analogous to a contempt of court founded upon an offense committed in the immediate view and presence of the court. In both

instances the authority of the court has been flouted and openly defied. Under such circumstances notice is never required because it is wholly unnecessary. Despite the absence of any requirement of notice, however, the further fact appears that appellant received ample notice of the proposed entry of the order and judgment. The decision, on which the order and judgment subsequently was entered. was published some five weeks before the order and judgment was signed. The judgment itself was settled on notice. Thus, appellant had ample notice of the entry of the order and judgment and had every opportunity to assert any valid objection which he might have thereto. Yet he remained quiescent. It is only on this appeal that he has asserted for the first time the claim of lack of notice. To now give heed to this belated claim will serve no purpose other than to give aid and comfort to a litigant who, while accepting substantial benefits under his stipulation made in open court, has brazenly repudiated all its concomitant obligations.